**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| PROSPECT FUNDING HOLDINGS, LLC as Assignee of CAMBRIDGE MANAGEMENT GROUP, LLC, | Civil Action No. |
| Plaintiff, | 2:14-cv-6169-SDW-SCM |
| v. | |
| CHRISTOPHER BOLING, et al, | **OPINION AND ORDER ON MOTION FOR RECONSIDERATION [D.E. 16]** |
| Defendants. | |

STEVEN C. MANNION, United States Magistrate Judge

## I.   INTRODUCTION

Before this Court is Plaintiff's Motion for Reconsideration. (ECF Docket Entry No. ("D.E.") 16). On May 11, 2015, the Court issued its bench decision on Defendant's Motion to Transfer. The Court granted the motion and transferred the action to the Western District of Kentucky. (D.E. 15). Pursuant to Federal Rule of Civil Procedure 78, this Court has reviewed the papers in support and in opposition, and reached its decision without oral argument. For the reasons set forth below, the Motion for Reconsideration is **DENIED.**

1

**II.   BACKGROUND AND PROCEDURAL HISTORY**

Before the instant case commenced, on June 19, 2014, an action involving nearly the exact same parties, *Christopher Boling v. Prospect Funding Holdings, LLC* (hereinafter, "Kentucky action"), commenced in the Western District of Kentucky. (D.E. 6, Affidavit of John Saoirse Friend, at ¶1).

The Complaint in the instant action alleges the following facts, which also relate to the allegations in the Kentucky action. Christopher and Holly Boling were plaintiffs in a personal injury case arising out of an accident that occurred in 2008. (*See* D.E. 1-2, Complaint, at ¶10). The Bolings entered into separate contracts with Cambridge Management Group, LLC and Prospect Funding Holdings, LLC ("Prospect"), whereby CMG and Prospect advanced funds to the Bolings in exchange for a portion of the potential proceeds from Christopher Boling's personal injury litigation. *Id.* at ¶¶22, 32. CMG assigned to Prospect the entire rights, title and interest to its contracts with the Bolings. *Id.* at ¶58. In or about May of 2014, the Bolings settled the personal injury case. *Id.* at ¶59.

On June 19, 2014, Christopher Boling commenced the Kentucky action in the Western District of Kentucky, captioned *Christopher Boling v. Prospect Funding Holdings, LLC*, 1:14-cv-81-M, seeking to avoid payment to Prospect. *See* (D.E. 1-2, Exhibit 6 to Complaint, at 79). In the Kentucky action,

Christopher Boling alleges that the practice of assigning proceeds of an unliquidated tort claim is against the public policy of Kentucky, and is seeking a declaratory judgment stating that these agreements are void and unenforceable. *Id*. at ¶¶45 and 46. The agreements in the Kentucky action appear to be the exact same agreements at issue in the instant action. *See* (D.E. 1-2, Complaint and Exhibit 6 to Complaint, at 79). The Kentucky action is currently pending. (D.E. 6, Affidavit of John Saoirse Friend, at ¶1).

The instant action was commenced by Prospect in state court on September 4, 2014, and removed to this Court on October 3, 2014. *See* (D.E. 1, Notice of Removal). In the instant action, Prospect alleges that the parties agreed that all disputes would be arbitrated before the American Arbitration Association in New Jersey. *See* (D.E. 1-2, Complaint, at ¶¶73-74). Prospect demands judgment compelling the Bolings to arbitrate any and all claims regarding the enforcement of their contracts before the American Arbitration Association in New Jersey. *Id*.

On May 11, 2015, this Court issued its bench decision and transferred the case to Kentucky based on the first to file rule. (D.E. 15).

## III.   DISCUSSION AND ANALYSIS

### A. Legal Standard

Motions for reconsideration are governed by Local Civil Rule 7.1(i).[1]   A party seeking reconsideration is directed to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  Local Civil Rule 7.1(i).  To prevail on a motion for reconsideration, the moving Party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

"A motion for reconsideration under Rule 7.1(i) is an extremely limited procedural vehicle, and requests pursuant to [the rule] are to be granted sparingly."  *School Specialty, Inc. v. Ferrentino*, No. 14-4507(RBK/AMD), 2015 WL 4602995, at *2 (D.N.J. (internal citations and quotations omitted.).  Motions for reconsideration require the moving party to set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked."  *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990).  Reconsideration "is not

---

[1] The Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration.

appropriate where the motion only raises a party's disagreement with the Court's initial decision." *Gunter v. Township of Lumberton*, No. Civ. 07-4839 NLH/KMW), 2012 WL 2522883, at *6 (D.N.J. June 29, 2012) (citing *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1998)).

### B. Analysis

Plaintiff does not claim that any of the grounds for reconsideration exist to allow for reconsideration under the law. First, Plaintiff does not claim there was an intervening change in the controlling law. Second, Plaintiff does not claim that new evidence is available that had not been available when the Court made its initial decision. Third, Plaintiff does not contend that the Court made a clear error of law or fact, or that manifest injustice would result if the Court did not reconsider its ruling. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Furthermore, Plaintiff does not argue that the Court overlooked any matter.

While Plaintiff does not articulate its grounds for seeking reconsideration, it cites cases that had been previously available when briefing the Court on the motion for reconsideration. Plaintiff argues that Defendant was attempting to improperly forum shop in filing its suit in Kentucky, and that Plaintiff's Kentucky lawsuit was commenced in anticipation

of Plaintiff filing the instant suit, thereby making the first-to-file rule inapplicable.

## IV.   CONCLUSION

Plaintiff does not cite any new law, nor does Plaintiff cite to any law that the Court did not already consider.  There was no oversight by this Court of the legal issues relevant to the adjudication of this matter, nor was there any oversight as to any relevant facts or matters.  Further, there is no meritorious basis for reconsideration of the Court's Order.  As "[r]econsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision," Plaintiff's Motion for Reconsideration is **DENIED**. *Gunter*, 2012 WL 2522883, at *2.

For the foregoing reasons,

IT IS **ORDERED** that Plaintiff's Motion for Reconsideration [D.E. 16] is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

8/26/2015 11:58:46 AM

Original: Clerk of the Court
cc: All parties
      File